UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JOSEPH A. PRADO, | Case No.: 3:16-cv-01436-GPC-WVG |
|---|---|
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION WITH PREJUDICE** |
| WILLIAM D. GORE, SHERIFF, ET AL., | |
| Defendant. | |

## BACKGROUND

On March 9, 2017, Plaintiff Joseph A. Prado submitted a San Diego County Sheriff's Department Complaint Form to this Court. Dkt. No. 55. The complaint form was subsequently identified as a document discrepancy because Plaintiff's case had been dismissed, without prejudice, on August 11, 2016 and Plaintiff had yet to file an amended complaint. The August 11, 2016 Order informed Plaintiff that he had failed to state a claim under 42 U.S.C. § 1983, but that he had the opportunity to amend his complaint to cure its deficiencies. Dkt. No. 21. The Court further informed Plaintiff that if he failed to follow the Court's instructions, his case could be dismissed without further leave to amend. *Id.*

On March 14, 2017, the Court issued an Order directing Plaintiff to Show Cause why the Court should not dismiss the action for failure to amend his complaint. Dkt. No.

56. The Court gave Plaintiff forty-five days to file an amended complaint "that cures all the deficiencies of pleading noted in the August 11, 2016 Order." *Id.* The Court further warned Plaintiff that if Plaintiff failed to do so, the Court would dismiss the action with prejudice for failing to state a claim on which relief to be granted and for failing to prosecute in accordance with the Court's order. *Id.*

On March 31, 2017 Plaintiff filed a document that the Court construed as a First Amended Complaint. *See* Dkt. No. 58. Thereafter, Plaintiff submitted two more filings to the Court, both of which were similar in content to the document the Court construed as the First Amended Complaint. *See* Dkt. Nos. 60 and 62.

## **DISCUSSION**

Plaintiff's First Amended Complaint does not contain clear or specific factual allegations. The complaint is written on "San Diego County Sheriff's Department Inmate Stationary." Dkt. No. 58. Much of the content is incomprehensible as it strings together a number of defendants, statutes, and dates. *Id.* Those parts that are comprehensible, however, still do not state a claim. Plaintiff states the narrative of his complaint as follows:

> At all times mentioned in this complaint each individual names of sheriffs personell press charges or subpoena is appropriate in venue under 28 U.S.C. § 1391(b)(2) giving rise to this claim occurred, this is a civil action authorized by 42 U.S.C. § 1983 & Bivens to redress under color under 28 U.S.C. § 1331 & 1343(A)(3)[.] Plaintiff seeks declaratory relief pursuant to 28 U.S.C § 2201 &2201[.] Plaintiff claims injunction 2283 & 2284 & [   ] [.]
>
> Plaintiff seeks declaratory 2201 & 2202 Plaintiff claims injunctive 2284 & 2283 [   ] 1331 & 1343(a)(c) 1346(b) FICA provisions are in Title 28 of the United States Code 1402(b) 2401(b) and 2671-2680[.] When we reference title 28 in this chapter it will look like this USC 2679(d)(2)[.] Where 28 U.S.C. means Title 28 of the United States code LTR 97 no jurisdiction reclaim G631819 for Joseph A Prado BN # 16113441[.] Plaintiff move for an order pursuant to Rule 37(a)(4) False Arrest & Damage or Loss to Personal Property under 31 U.S.C. § 3723(A)(1) & 2675 (A) 37(A)(4)[.]

*Id.* at 3-4. Plaintiff goes on to ask the Court to "press charges" on certain members of "staff" and "inmates" who "filed complaints against" against Defendant because they "have broken [his] constitutional rights in any all 11 circuits" and "perjury." *Id.*

Plaintiff's complaint does not state a valid claim to relief because it is devoid of factual allegations. Plaintiff lists a number of statutes that he claims were violated and implicates members of the Sheriff's Department and other inmates as the perpetrators, but does not provide the Court with any facts supporting the alleged violation of his constitutional rights. *See generally* Dkt. No. 58. The "Letters" that Plaintiff submitted to the Court subsequent to the FAC are similarly devoid of any factual showing. *See generally*, Dkt. Nos. 60, 62. Absent any factual showing, the Court cannot conclude that the Plaintiff has a plausible right to relief under any of the named statutes.

The Court further and moreover concludes that Plaintiff has failed to address any of the deficiencies identified by the Court in its August 11, 2016 Order. *See* Dkt. No. 21. The Court warned Plaintiff in its March 14, 2017 Order to Show Cause that Plaintiff had "forty-five (45) days leave" in which "to file an amended complaint that cures all the deficiencies of pleading noted in the August 11, 2016 Order" or else the Court would "enter a *final Order* dismissing this civil action based both on Plaintiff's failure to state a claim . . . and his failure to prosecute in compliance with a court order . . . ." Dkt. No. 56 at 2 (emphasis added).

Plaintiff has not complied with the Court's OSC. The August 11 Order dismissed Plaintiff's complaint for failure to state a claim because it did not "contain clear or specific factual allegations" and because a Court cannot grant Plaintiff relief under 42 U.S.C. § 1983 for allegations that "his constitutional rights are being denied during the course of a state court criminal trial." Dkt. No. 21. Plaintiff has failed to respond to or remedy either of these deficiencies, here. Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted and failed to prosecute in accordance with a Court order.

/ / / /

3

3:16-cv-01436-GPC-WVG

# CONCLUSION

In sum, Plaintiff has failed to state a claim upon which relief can be granted and has failed to comply with the Court's August 11, 2016 Order and March 31, 2017 Order. Accordingly and for these reasons, the Court **DISMISSES** this civil action with **PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

**IT IS SO ORDERED**.

Dated: May 31, 2017

Hon. Gonzalo P. Curiel
United States District Judge